UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

|  |  |
|---|---|
| | : |
| IN RE: | : CASE NO.: 18-46956-cec |
| | : |
| | : CHAPTER: 7 |
| John Thompson, | : |
| | : HON. CHIEF JUDGE.: |
| Debtor. | : Carla E. Craig |
| | : |
| | : PRESENTMENT DATE: October 19, |
| | : 2020 at 9:00 a.m. |
| | : |
| | : OBJECTION DEADLINE: October |
| | : 16, 2020 |

-------------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF AN ORDER APPROVING THE MODIFICATION OF
DEBTOR'S MORTGAGE PURSUANT TO FED. R. BANKR. P. 9019
<u>AND OPPORTUNITY FOR A HEARING</u>**

PLEASE TAKE NOTICE that upon the annexed application of Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association as trustee of Tiki Series IV Trust (together with any successor and/or assign, "Movant"), the undersigned will present the attached proposed order to the Honorable Carla E. Craig, Chief United States Bankruptcy Judge, or her successor, for signature on October 19, 2020 at 9:00 a.m.

PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there will not be a hearing and the order may be signed.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

Dated: September 21, 2020
      Fresh Meadows, New York

                        By: /s/ Katherine Heidbrink_____
                        Katherine Heidbrink, Esq.
                        FRIEDMAN VARTOLO LLP
                        Attorneys for Movant
                        Friedman Vartolo LLP
                        1325 Franklin Avenue, Suite 230
                        Garden City, New York 11530
                        T: (212) 471-5100
                        F: (212) 471-5150

TO:

John Thompson
1042 E. 93rd Street
Brooklyn, NY 11236
**Debtor**

Denrick Cooper
207-23 Hillside Ave
Queens Village, NY 11427
**Debtor`s Attorney**

Paul I. Krohn
40 Clinton Street
Suite 1G
Brooklyn, NY 11201
**Trustee**

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building

201 Varick Street, Suite 1006
New York, NY 10014
***U.S. Trustee***

Roach & Lin, PC
6901 Jericho Turnpike, Ste. 240
Syosset, NY 11791

Rupp Baase Pfalzgraf Cunningham LLC
1600 Liberty Building
Buffalo, New York 14202-3694

Wesley T. Kozeny, of Kozeny & McCubbin, LC
12400 Olive Blvd., Suite 555
St. Louis, MO 63141

Ras Boriskin, LLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590

Law Office of Stephen C. Silverberg, PLLC
626 RXR Plaza
Uniondale, NY 11556

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| IN RE: | : | CASE NO.: 18-46956-cec |
|  | : |  |
|  | : | CHAPTER: 7 |
| John Thompson, | : |  |
|  | : | HON. CHIEF JUDGE.: |
| Debtor. | : | Carla E. Craig |
|  | : |  |
|  | : | PRESENTMENT DATE: October 19, |
|  | : | 2020 at 9:00 a.m. |
|  | : |  |
|  | : | OBJECTION DEADLINE: October |
|  |  | 16, 2020 |

-----------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF AN ORDER APPROVING THE
MODIFICATION OF DEBTOR'S MORTGAGE PURSUANT TO
<u>FED. R. BANKR. P. 9019</u>**

    Katherine Heidbrink, an attorney at law duly admitted to practice before the Courts of the State of New York and the U.S. District for the Eastern District of New York, hereby affirms the following to be true under penalty of perjury:

1.    I am an associate with the law firm of Friedman Vartolo, LLP, attorneys for Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association as trustee of Tiki Series IV Trust ("Movant"). As such, I am fully familiar with the facts and circumstances of this case.

2.    This affirmation is submitted in support of Movant's motion to approve mortgage modification in this case pursuant to Fed. R. Bankr. P. 9019 and 11 U.S.C. 105.

3.    The instant Motion to Approve loan modification concerns the real property commonly known as 1042 East 93rd Street, Brooklyn, NY 11236 (the "Property").

4.      There are two mortgages on the Property. The first mortgage is currently held and serviced by Movant (the "First Mortgage"). The First Mortgage is in the original loan amount of $423,000. The First Mortgage is dated January 31, 2007 and recorded on March 12, 2007 in the City Register of New York in CRFN 2007000131123. After several prior transfers, the First Mortgage was ultimately assigned to Movant by an Assignment of Mortgage recorded on July 31, 2020 in the City Register of New York in CRFN 2020000216949 (the "Assignment of Mortgage"). A copy of said Assignment of Mortgage is attached as **Exhibit B.** Please note that p. 5 of the Assignment of Mortgage provides a list of prior assignees and assignments.

5.      The second mortgage is currently held by 1 Oak Harborview Fund 2019-1 LLC and serviced by FCI Lender Services (the "Second Mortgage"). The Second Mortgage is a credit line mortgage for up to $190,000. The Second Mortgage is dated January 31, 2007 and recorded on March 23, 2007 in the City Register of New York in CRFN 2007000152677. After a prior transfer, the Second Mortgage was ultimately assigned to the current holder by an assignment of mortgage recorded on December 24, 2019 in the City Register of New York in CRFN 2019000420015.

6.      The Debtor commenced the instant bankruptcy proceeding by filing a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code on December 4, 2018. Subsequently, the case was voluntarily converted to a Chapter 7 of the Bankruptcy Code on February 5, 2019.

7.    Loss mitigation in the instant bankruptcy case was commenced on the First Mortgage by Order entered on February 15, 2019 directing former servicer Seterus, Inc. to participate in loss mitigation with the Debtor (ECF Doc. No. 26). Loss mitigation commenced with Specialized Loan Servicing, LLC as servicer for MTGLQ Investors, L.P. Thereafter, the First Mortgage transferred several times, ultimately to Movant.

8.    Movant has reviewed the Debtor for a Modification and determined that the Debtor qualifies to modify the existing Loan under the terms outlined more fully in the Loan Modification Agreement (the "Modification") annexed hereto as **Exhibit A**.

9.    The terms of the Modification are as follows:

a.    The new principal balance, as of May 28, 2020, which includes all amounts and arrearages that were past due, is $764,700.46.

b.    The new interest rate is a fixed rate of 4.000%.

c.    The modified loan will mature on February 1, 2060.

10.    Movant requests that any discontinuance of any foreclosure action in state court affecting the Property is approved by this Court, and that any steps taken to discontinue any foreclosure action affecting the Property will not be deemed a violation of the automatic stay.

**WHEREFORE**, Movant respectfully requests that an Order be granted approving the modification of the Debtor's Mortgage and Note; together with such other and further relief as

the Court may deem just and proper.


Dated: September 21, 2020
      Fresh Meadows, New York


                                         By: /s/ Katherine Heidbrink
                                         Katherine Heidbrink, Esq.
                                         FRIEDMAN VARTOLO LLP
                                         Attorneys for Movant
                                         Friedman Vartolo LLP
                                         1325 Franklin Avenue, Suite 230
                                         Garden City, New York 11530
                                         T: (212) 471-5100
                                         F: (212) 471-5150

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                :

IN RE:                          :

                                :  CASE NO.: 18-46956-cec

                                :

John Thompson,              :  CHAPTER: 7

                                :

                                :  HON. CHIEF JUDGE.:

Debtor.                   :  Carla E. Craig

                                :

                                :

                                :

                                :
-----------------------------------------------------------------X

## <u>ORDER APPROVING LOAN MODIFICATION AGREEMENT</u>

Upon the Application of Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust National Association as trustee of Tiki Series IV Trust (together with any successor or assign, "Movant"), dated September 21, 2020, seeking an order approving the terms of the loan modification agreement, which modifies the first mortgage on the Debtor's real property located at 1042 East 93rd Street, Brooklyn, NY 11236 (the "Property"). There being due and sufficient notice of the Application; there being no opposition; and with good cause appearing therefore, it is hereby

**ORDERED** that Debtor is authorized to enter into the Loan Modification Agreement annexed hereto as **Exhibit A;** and it is further

**ORDERED** that the obligations due Creditor pursuant to the Note are secured by a duly perfected lien and Mortgage upon the Property as evidenced by a duly record Mortgage, which lien and security interest is valid and remains in full force and effect, and the modification

authorized by the Order shall not modify the priority of the Mortgage as originally filed; and it is further

**ORDERED** that the terms of the Note and Mortgage are not amended other than as detailed in the Loan Modification Agreement; and it is further

**ORDERED** that nothing in the Order shall be understood or construed to be satisfaction or release in whole or in part of the Note and Mortgage; and it is further

**ORDERED** that upon entry of this Order, any discontinuance of any foreclosure action in state court affecting the Property is approved by this Court, and that any steps taken to discontinue any foreclosure action affecting the Property will not be deemed a violation of the automatic stay; and it is further

**ORDERED** that this Court shall retain jurisdiction over any dispute arising from or in connection with this Order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

|  |  |
|---|---|
| IN RE: | : |
|  | : |
|  | : CASE NO.: 18-46956-cec |
|  | : |
| John Thompson, | : CHAPTER: 7 |
|  | : |
|  | : HON. CHIEF JUDGE.: |
| Debtor. | : Carla E. Craig |
|  | : |
|  | : |
|  | : |
|  | : |

-------------------------------------------------------------------X

### CERTIFICATE OF SERVICE

I, <u>Katherine Heidbrink</u>,  an certify that on <u>September 22, 2020</u> caused to be served a true copy of the annexed **NOTICE OF PRESENTMENT OF AN ORDER APPROVING THE MODIFICATION OF DEBTOR'S MORTGAGE PURSUANT TO FED. R. BANKR. P. 9019** by mailing by First Class Mail in a sealed envelope, with postage paid thereon, in a post office or official depository of the United States Post Office addressed to the last known address of the addressee, and the property address as indicated on the attached Service List annexed hereto.

By: <u>/s/ Katherine Heidbrink</u>

FRIEDMAN VARTOLO LLP

1325 Franklin Avenue, Ste. 230

Garden City, New York 11530

T: (212) 471-5100

F: (212) 471-5150

# SERVICE
## LIST

John Thompson
1042 E. 93rd Street
Brooklyn, NY 11236
**Debtor**

Denrick Cooper
207-23 Hillside Ave
Queens Village, NY 11427
**Debtor`s Attorney**

Paul I. Krohn
40 Clinton Street
Suite 1G
Brooklyn, NY 11201
**Trustee**

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
**U.S. Trustee**

Roach & Lin, PC
6901 Jericho Turnpike, Ste. 240
Syosset, NY 11791

Rupp Baase Pfalzgraf Cunningham LLC
1600 Liberty Building
Buffalo, New York 14202-3694

Wesley T. Kozeny, of Kozeny & McCubbin, LC
12400 Olive Blvd., Suite 555
St. Louis, MO 63141

Ras Boriskin, LLC
900 Merchants Concourse, Suite 310
Westbury, NY 11590

Law Office of Stephen C. Silverberg, PLLC
626 RXR Plaza
Uniondale, NY 11556

**EXHIBIT A**

**After Recording Return To:**
**Rushmore Loan Management Services**
**LLC**
**1755 Wittington Place Ste. 400**
**Farmers Branch, TX 75234**

**This Document Prepared By:**
**Srdjan Njego**
**Rushmore Loan Management Services**
**LLC**
**15480 Laguna Canyon Road**
**Irvine, California 92618**

**Current UPB: $410,838.65**
**New UPB: $764,700.46**

Section: _____, Block: _____,
Lot: _____

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: $423,000.00                                      Loan No: ██████████

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this **28th** day of **May, 2020**, between **JOHN THOMPSON**, whose mailing address is **207-23 HILLSIDE AVE, QUEENS VILLAGE, NY 11427** ("Borrower") and **Owner, by and through Rushmore Loan Management Services LLC, as current servicer and agent**, whose address is **1755 Wittington Place Ste. 400, Farmers Branch, TX 75234** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **January 31, 2007** and recorded in **Instrument No: CRFN: 2007000131123**, of the Official Records of **CITY OF NEW YORK, BROOKLYN BOROUGH County, NY** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
**1042 EAST 93RD STREET, BROOKLYN, NY 11236,**
(Property Address)
the real property described being set forth as follows:

**SEE ATTACHED LEGAL DESCRIPTION - SCHEDULE A   BLOCK: 8161 ; LOT: 56**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 28, 2020**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$764,700.46**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.000%** from **February 01, 2020**, and Borrower promises to pay monthly payments of principal and interest in

the amount of U.S. **$3,195.98** beginning on the **1st** day of **March, 2020**. If on **February 1, 2060** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging [ ].

6.  Notwithstanding anything to the contrary contained in this Agreement, if a discharge has been granted, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

7.  This Agreement modifies an obligation secured by an existing security instrument recorded in CITY OF NEW YORK, BROOKLYN BOROUGH County, NY, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $410,838.65. The principal balance secured by the existing security instrument as a result of this Agreement is $764,700.46, which amount represents the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
JOHN THOMPSON  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of New York

County of _____

On the 24th day of _____ in the year 2020, before me, the undersigned,

a Notary Public in and for said State, personally appeared

_____,

_____,

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Signature _____

_____

207-23 Hillside Ave.
Queens Village, N.Y. 11427

BEVERLY G. PERKINS
Commissioner of Deeds
City of New York - No. 3-3639
Certificate Filed in Queens County
Office Commission Expires: July 1, 2021

Origination Company: **Rushmore Loan Management Services LLC**
NMLSR ID: **185729**

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New York
Mortgage Cadence Document Center  © 8658 08/14

Form 3179 1/01 (rev. 4/14)
*(page 4 of 5)*

# EXHIBIT B



| NYC  DEPARTMENT  OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|

**NYC  DEPARTMENT  OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 5 |
|---|---|---|

**Document ID:** 2020073000683001    Document Date: 04-28-2020    Preparation Date: 07-30-2020
Document Type:  ASSIGNMENT, MORTGAGE
Document Page Count: 3

| **PRESENTER:** | **RETURN TO:** |
|---|---|
| MERIDIAN ASSET SERVICES<br>3201 34TH STREET SOUTH<br>SUITE 310<br>SAINT PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM | MERIDIAN ASSET SERVICES<br>3201 34TH STREET SOUTH SUITE B310<br>ST. PETERSBURG, FL 33711<br>SUPPORT@SIMPLIFILE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 8161 | 56 | Entire Lot | 1042 EAST 93RD STREET |

Property Type:  DWELLING ONLY - 1 FAMILY

### CROSS REFERENCE DATA

**CRFN:**   2007000131123

### PARTIES

| **ASSIGNOR/OLD LENDER:** | **ASSIGNEE/NEW LENDER:** |
|---|---|
| MTGLQ INVESTORS LP<br>2001 ROSS AVENUE, SUITE 2800<br>DALLAS, TX 75201 | US BANK TRUST NATIONAL ASSOCIATION<br>7114 E STETSON DR., SUITE 250<br>SCOTTSDALE, AZ 85251 |

☒  Additional  Parties Listed on Continuation  Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 52.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed        07-31-2020 11:17
City Register File No.(CRFN):
**2020000216949**

*Annette M Hill*

*City Register Official Signature*



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

| RECORDING AND ENDORSEMENT COVER PAGE  (CONTINUATION) | PAGE 2 OF 5 |
|---|---|

**Document ID: 2020073000683001**     Document Date: 04-28-2020          Preparation Date: 07-30-2020
Document Type: ASSIGNMENT, MORTGAGE

---

**PARTIES**

**ASSIGNEE/NEW LENDER:**
THE TIKI SERIES IV TRUST
7114 E STETSON DR., SUITE 250
SCOTTSDALE, AZ 85251

Recording Requested By:
_____

Prepared By: **Audrey B Trumble**
**855-369-2410**
When recorded mail to:

_____

Case Nbr: ███████
Ref Number: ███████
Property Address:
**1042 E 93RD ST**
**BROOKLYN, NY 11236**
Property Location:
**Borough of BROOKLYN**
NYO-AM-STD██████  C  4/28/2020  AP005

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, **MTGLQ INVESTORS, L.P.**, the undersigned holder of the Mortgage described below (herein "Assignor") whose address is **2001 ROSS AVENUE, SUITE 2800, DALLAS, TX 75201** does hereby grant, sell, assign, transfer and convey unto **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE TIKI SERIES IV TRUST** whose address is **7114 E Stetson Dr., Suite 250, Scottsdale, AZ 85251** all beneficial interest under a certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument.

Mortgagee:          **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INDYMAC BANK F.S.B., ITS SUCCESSORS AND ASSIGNS**
Made By:            **JOHN THOMPSON**
Date of Mortgage:   1/31/2007
Original Loan Amount:   **$423,000.00**
Section: *N/A* Lot: *4156* Block: *8378161*
Recorded in **Kings County, NY** on: **3/12/2007**, book **N/A**, page **N/A** and instrument number **2007000131123**

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:

**SEE EXHIBIT "A"** ATTACHED

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated: 4/28/2020

MTGLQ INVESTORS, L.P. BY CORELOGIC
SOLUTIONS, LLC ITS ATTORNEY IN FACT BY ~~THE~~
~~POWER OF ATTORNEY RECORDED ON~~
_____ IN BOOK _____,
PAGE_____, INSTRUMENT
#_____.

By: 

**Brandon Payne, Assistant Vice President**

POA Batch#11900
POA was recorded in NEW YORK, NY on
06/11/2020 INSTRUMENT: 2020000170160

Page 1 of 2

STATE OF **TX**
County of **Dallas**

On the __28__ day of __4_____, in the year 20__20__, before me the undersigned, personally appeared **Brandon Payne, Assistant Vice President** of **CORELOGIC SOLUTIONS, LLC AS ATTORNEY IN FACT FOR MTGLQ INVESTORS, L.P.** personally known to me or proved to me on the basis of satisfactory evidence, to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that (he)(she)(they) executed the same in (his)(her)(their) capacity(y)(ies), and that by (his)(her)(their) signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual(s) made such appearance before the undersigned in the **TX,  Dallas** (add the city or political subdivision and the state or country or other place the acknowledgement was taken).

**Lewis Wilson**
Notary Public :
My commission expires : **3/6/2024**



```
LEWIS WILSON, III
Notary Public, State of Texas
Comm. Expires 03-06-2024
Notary ID 132392944
```

Page 2 of 2

EXHIBIT "A"

## Assignment Chain

| | |
|---|---|
| Lender: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS |
| Borrower: | JOHN THOMPSON |
| Origination Balance: | $423,000.00 |
| Origination Date: | 1/31/2007 |
| Mortgage Recording Details: | Recorded: 03/12/2007; Book: N/A; Page: N/A; Instrument: 2007000131123 |

| | |
|---|---|
| Assigned From: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR INDYMAC BANK, F.S.B., ITS SUCCESSORS AND ASSIGNS |
| To: | ONEWEST BANK FSB |
| AOM Recording Details: | Recorded 09/21/2009; Book: N/A; Page: N/A; Instrument: 2009000304177 |

| | |
|---|---|
| Assigned From: | ONEWEST BANK, F.S.B. |
| To: | OCWEN LOAN SERVICING, LLC |
| AOM Recording Details: | Recorded 11/01/2013; Book: N/A; Page: N/A; Instrument: 2013000453166 |

| | |
|---|---|
| Assigned From: | OCWEN LOAN SERVICING, LLC |
| To: | FEDERAL NATIONAL MORTGAGE ASSOCIATION |
| AOM Recording Details: | Recorded 06/16/2015; Book: N/A; Page: N/A; Instrument: 2015000205415 |

| | |
|---|---|
| Assigned From: | FEDERAL NATIONAL MORTGAGE ASSOCIATION, BY NATIONWIDE TITLE CLEARING, INC., ITS ATTORNEY-IN-FACT |
| To: | MTGLQ INVESTORS, L.P. |
| AOM Recording Details: | Recorded 02/12/2019; Book: N/A; Page: N/A; Instrument: 2019000048068 |

| | |
|---|---|
| Assigned From: | FEDERAL NATIONAL MORTGAGE ASSOCIATION |
| To: | MTGLQ INVESTORS, L.P. |
| AOM Recording Details: | Recorded 02/27/2019; Book: N/A; Page: N/A; Instrument: 2019000065290 DUPLICATE ASSIGNMENT |

**Rushmore Loan Management Services LLC**

By: _____ (Seal) - Lender

Name: _____ Tim Lightfoot

Title: _____ Vice President

_____ AUG 1 1 2020 _____
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

STATE OF _____ TEXAS _____ )

COUNTY OF _____ DALLAS _____ ) SS.:

On the ____ 11th ____ day of ____ August ____ in the year __ 2020 __, before me, the undersigned, personally appeared _____ Tim Lightfoot _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person on behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of individual taking acknowledgment.)

JANICE L. RYAN
Notary Public, State of Texas
Comm. Expires 11-18-2020
Notary ID 130905993

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument - New York
Mortgage Cadence Document Center © 8858 08/14

Form 3179 1/01 (rev. 4/14)
(page 5 of 5)

# LEVEL ABSTRACT, LLC

## Title No. LA-37783K

## SCHEDULE A

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southwesterly side of East 93rd Street distant 176 feet 4 inches Southeasterly from the corner formed by the intersection of the Southwesterly side of 93rd Street with the Southeasterly side of Farragut Road;

RUNNING THENCE Southeasterly along the Southwesterly side of East 93rd Street, 30 feet;

THENCE Southwesterly at right angles to East 93rd Street and part of the distance through a party wall, 110 feet;

THENCE Northwesterly parallel with East 93rd Street, 30 feet 10 inches to the Northwesterly side of former Smiths Lane;

THENCE Northeasterly parallel with Farragut Road, 100 feet to the Southwesterly side of East 93rd Street, the point or place of BEGINNING.

FOR
CONVEYANCING
ONLY

The policy to be issued under this report will insure the title to such buildings and improvements erected on the premises which by law constitute real property.

TOGETHER with all the right, title and interest of the party of the first part, of, in and to the land lying in the street in front of and adjoining said premises.

## ERRORS AND OMISSIONS/COMPLIANCE AGREEMENT

Loan Number: █████████

FHA/VA Case Number:

Borrower(s):    **JOHN THOMPSON**

Property Address:    **1042 EAST 93RD STREET, BROOKLYN, NY 11236**

Servicer:    **Rushmore Loan Management Services LLC**

The undersigned Borrower(s) for and in consideration of the above-referenced Servicer modifying the terms of your mortgage loan, agrees that if requested by your Servicer, to fully cooperate and adjust for clerical errors, any or all loan modification documentation deemed necessary or desirable in the reasonable discretion of Servicer to enable Servicer to sell, convey, seek guaranty or market said loan to any entity, including but not limited to an investor, Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, Government National Mortgage Association, Department of Housing and Urban Development, or the Department of Veterans Affairs, or any Municipal Bonding Authority.

I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge initial, and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

The undersigned Borrower(s) agree(s) to comply with all above noted requests by the above-referenced Servicer within 15 days from date of mailing of said requests. Borrower(s) agree(s) to assume all costs including, by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

The undersigned Borrower(s) do hereby so agree and covenant in order to assure that this loan modification documentation executed this date will conform and be acceptable in the marketplace in the instance of transfer, sale or conveyance by Servicer of its interest in and to said loan modification documentation, and to assure marketable title in the said Borrower(s).

DATED this 28th day of **May, 2020**.



X _____ (Seal)
**JOHN THOMPSON**  -Borrower

## AFFIDAVIT UNDER SECTION 255 TAX LAW

STATE OF TEXAS    )
COUNTY OF DALLAS   ) ss:

TIM LIGHTFOOT, being duly sworn, deposes and says:

1. That he is Vice President, of Rushmore Loan Management Services, LLC, attorney in fact for the owner and holder of the hereinafter described mortgage, and is familiar with the facts and circumstances set forth herein.

2. That an instrument herewith offered for recording is identified as follows:
   (a) Type of instrument:  Loan Modification Agreement
   (b) Date of Instrument:  May 29, 2020
   (c) Parties:
   Mortgagor: JOHN THOMPSON
   Mortgagee:  Rushmore Loan Management Services, LLC
   (d) Amount of Loan: $764,700.46
   (e) Mortgage Tax to be Paid:
   (f)  New Money: $353,861.81

3. That the mortgage to which the above instrument is supplemental is identified as  follows:
   (a) Dated: 01/31/2007
   (b) Parties:
   Mortgagor: JOHN THOMPSON
   Mortgagee: MERS, AS NOMINEE FOR LEADER INFORMATION, AS NOMINEE FOR RUSHMORE LOAN MANAGEMENT SERVICES LLC, ITS SUCCESSORS AND ASSIGNS
   (c) County of Recording: CITY OF NEW YORK, BROOKLYN BOROUGH
   (d) Date of Recording:  03/12/2007
   (e) CRFN: 2007000131123
   (f)  Mortgage Tax Paid: $9,200.25
   (g) Present Mortgage Balance: $410,838.65
   (h) Original Mortgage Amount:  $432,000.00

4. That the new modify balance, contained in this mortgage does not secure a re-loan or re-advance or new loan except the indebtedness secured by the previouslyrecorded mortgage set out in paragraph three (3) above.

5. That the exception from further tax is claimed under Section 255 of the Tax Law as  to the said instrument herewith offered for recording.

6. That the maximum amount secured hereunder and in conjunction with the previously recorded mortgage is:  $432,000.00

_____

TIM LIGHTFOOT, VICE PRESIDET

RUSHMORE LOAN MANAGEMENT SERVICES LLC

Rushmore Loan Number: ███████

**ACKNOWLEDGMENT**

State of Texas       ) SS:
County of Dallas

On _August 11, 2020_, before me the undersigned, a notary public in and for said state, personally appeared_____**Tim Lightfoot**_____, personally known to me to be the duly authorized person who executed the within instrument on behalf of **RUSHMORE LOAN MANAGEMENT SERVICES LLC** and acknowledged/sworn to me that such ____**Vice President**____ , executed the within instrument pursuant to its by-laws or a resolution of its board of directors.


Witness my hand and official seal.

_____
Notary Public in and for said County and State
My commission expires on: 11-18-2020

JANICE L. RYAN
Notary Public, State of Texas
Comm. Expires 11-18-2020
Notary ID 130905993